**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| SEA SHEPHERD CONSERVATION SOCIETY,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL WATSON, THE CAPTAIN PAUL WATSON FOUNDATION, SEA SHEPHERD ORIGINS,<br><br>    Defendants. | Case No.: 2:22-cv-00227-WKS |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT WATSON AND DEFENDANT CPWF

WHEREAS, Plaintiff Sea Shepherd Conservation Society ("SSCS") and Defendant Paul Watson ("Watson") and Defendant The Captain Paul Watson Foundation ("CPWF," and, together with Watson, collectively, the "Watson Defendants"), pursuant to the settlement agreement between SSCS and the Watson Defendants (the "Settlement Agreement") having an effective date of September 29, 2023 (the "Effective Date"), and pursuant to the Stipulation for Entry of Consent Judgment and Permanent Injunction ("Stipulation") that the parties have filed in the above-captioned action, hereby stipulate and consent to the entry of the following Consent Judgment and Permanent Injunction (the "Judgment").

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     This Court has jurisdiction over the subject matter of this action, SSCS, and the Watson Defendants.

3

Case 2:22-cv-00227-wks Document 66 Filed 10/04/23 Page 2 of 5

2.  As of the Effective Date, the Watson Defendants may not use either the marks SEA SHEPHERD ORIGINS or  (collectively, the "Origins Marks") in connection with any goods or services throughout the world or as part of any trademark, service mark, trade name, business, entity, or corporate name, domain name, except as otherwise permitted herein or in the Settlement Agreement.

3.  As of the Effective Date, and subject to the exceptions set forth in Sections 3(a) and 3(b) below, the Watson Defendants shall permanently discontinue any and all use of the marks SEA SHEPHERD, SEA SHEPHERD CONSERVATION SOCIETY, , , and (collectively, the "SSCS Marks") in connection with any goods or services in the Americas (excluding Brazil and French territorial collectivities in America (Martinique, Guadeloupe, French Guyana, St Barthelemy and St Pierre & Miquelon)) (hereinafter, the "SSCS Territories") or as part of any trademark, service mark, trade name, business, entity or corporate name, domain name, or in any other manner in the SSCS Territories. Notwithstanding the foregoing:

    (a)  The Watson Defendants shall be permitted to utilize the SSCS Marks in a factual manner in historical and/or biographical materials, provided that such marks are not used in a way that would be perceived as either a source indicator for any charitable, business, or other endeavor of either of the Watson Defendants or associated in any way with SSCS's current operations and endeavors, and provided that such use is otherwise compliant with the terms of this

4

Execution Copy

Judgment and the Settlement Agreement. By way of example, Watson shall be permitted to identify himself as a founder of SSCS and the Sea Shepherd movement and to describe in a factual manner his history with SSCS and the Sea Shepherd movement, so long as Watson does not claim to be currently affiliated with SSCS or to "be" Sea Shepherd and so long as such statements are otherwise compliant with the terms of this Judgment and the Settlement Agreement.

(b)  Watson shall be permitted to work with Sea Shepherd France and Sea Shepherd Brazil outside the SSCS Territories, so long as otherwise compliant with the terms of this Judgment and the Settlement Agreement.

4. In accordance with the specific terms and exceptions set forth in detail in the Settlement Agreement, SSCS on the one hand and the Watson Defendants on the other hand shall refrain from making or publishing (or encouraging others to make or publish): (i) any disparaging, slanderous, or libelous public statements about the other(s) or their respective volunteers, donors, supporters, employees, directors, officers, representatives, or partners; or (ii) any statement intended to adversely affect the foregoing's respective marks, brands, or reputation.

(a)  For purposes of this provision, as it relates to SSCS, the term "donors", "supporters", "employees", "directors", "officers", "representatives", or "partners" expressly excludes Global Stitching Sea Shepherd Global ("Global") and the current (as of the Effective Date) board members of Global, but only to the extent it is clear that Global or Global's current board members (as opposed to SSCS, Pritam Singh, or SSCS's volunteers, donors, supporters, employees, directors, officers, or representatives) is/are the specific entity/individual(s) to which any statements that would otherwise violate the terms of this Judgment or the Settlement Agreement.

(b)     Nothing herein shall restrict either party from making truthful statements in response to any valid civil or regulatory proceeding or subpoena, so long as such statements are: (i) provided solely to the pending or issuing court or regulatory agency or to parties to the action or proceeding that is the subject of the proceeding or subpoena; and (ii) non-public, i.e., submitted or made under appropriate protective or confidentiality orders and not made in any non-Court or non-regulatory agency public forum (such as via a press release or social media post).

5.      Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by SSCS and the Watson Defendants, this Judgment is a final judgment in this action as to the Watson Defendants only and suitable for entry by the Clerk pursuant to FED. R. CIV. P. 58 and 79(a). This Judgment has no application or effect whatsoever on Defendant Sea Shepherd Origins, Global and its current board members, Sea Shepherd France and its current board members, or Sea Shepherd Brazil and its current board members. All rights to appeal this Judgment, on any basis, have been expressly waived by SSCS and the Watson Defendants.

6.      This Judgment is entered into for the purposes of settlement and is without the Watson Defendants' or SSCS's admission as to liability or any of the allegations of the Complaint in this action, or as to any matters arising out of this action. The Court makes no finding of fact or conclusion of law concerning any of the allegations, claims, counterclaims, or defenses any party asserted in this action. However, nothing in this paragraph shall be construed as diminishing or otherwise affecting the Watson Defendants' or SSCS's obligations and responsibilities under this Judgment.

7. The Court retains jurisdiction over this matter for the purposes of: (a) enforcing the terms of this Judgment and the Permanent Injunction; and (b) by consent of SSCS and the Watson Defendants, enforcing the terms of the Settlement Agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

8. Except as otherwise provided for herein, the above-captioned action is dismissed with prejudice as to the Watson Defendants, with each party to bear its own costs and attorneys' fees, and all claims of SSCS against Watson and CPWF in the above-captioned action are hereby dismissed with prejudice.

## ORDER

**SO ORDERED** on this 4th day of October, 2023:

*William K. Sessions III*

HON. WILLIAM K. SESSIONS III
United States District Judge

JUDGMENT ENTERED ON DOCKET:
DATE: October 4, 2023

7